FILED

Ronald Gossett
4584 Don Milagro Drive
Los Angeles CA 90006

TEL: (949) 633-2777

Attorney for Plaintiff(s), Ronald Gossett, in pro se

2009 OCT -1  PM 2: 36

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA,  WESTERN DIVISION

| RONALD GOSSETT<br><br>Plaintiff,<br><br>vs.<br><br>Wells Fargo Home Mortgage., First American Loanstar Trustee Services, Robert Bourne., First American Title Company.,  HSBC Bank, National Association, as Trustee for WFMBS 2007-15., Edward A. Treder SBN. 116307., Barrett Daffin Frappier Treder & Weiss, LLP., and does 1 to 10, inclusive<br><br>Defendants. | Case No.: SACV09-1126 JVS (RNBx)<br><br>COMPLAINT FOR:<br>1) BREACH OF CONTRACT,<br>2) CANCELLATION OF TRUSTEE'S DEED UPON SALE,<br>3) DECLARATORY RELIEF,<br>4) FRAUD,<br>5) INTENTIONAL MISREPRESENTATION,<br>6) NEGLIGENT MISREPRESENTATION,<br>7) VIOLATION OF RESPA AND TILA,<br>8) RESCISSION AND RESTITUTION,<br>9) DECLARATION OF RESULTING OR CONSTRUCTIVE TRUST,<br>10) QUIET TITLE, AND<br>11) ACCOUNTING |

PLAINTIFFS ALLEGE:

1. Defendants, and each of them, are corporations with their **principal place of business** outside of the State of California, but they have **substantial business contacts** within the jurisdiction of this court.

10/1/2009 2:47:00 PM   Receipt #: 123500
          Cashier : KPAGE [LA 1-1]
Paid by: RONALD GOSSETT
8:CV09-01126
2010-086900        5 - Civil Filing Fee(1)
Amount :
8:CV09-01126                        $60.00
2010-510000       11 - Special Fund F/F(1)
Amount :
8:CV09-01126                       $190.00
2010-086400       Filing Fee - Special(1)
Amount :
Cash  Payment :                    $100.00
                                   350.00

2. The real property that is the subject of this litigation is located within the County of **Los Angeles**, commonly known as **4584 Don Milagro Drive** and further identified by the legal description APN No.: 5028-017-014., as set forth in the **Notice of Default**.

3. The true names and capacities of Does 1 through 10 are unknown to Plaintiff at present, and leave of court will be sought once their true names have been ascertained.

4. Plaintiff is informed and believes and based thereon alleges that each of the defendants was the employee, agent, or co-conspirator of each of their co-defendants, and in doing the acts complained of, damaged and injured the plaintiffs in the manner and degree described herein.

5. The real property **has been** sold at foreclosure on or about **(December 10, 2008)**. **There was no bidder,** but the claims of Defendants, and each of them is adverse to the title **that was previously** held by Plaintiff.   **None of the potential Mortgage defendants will qualify as an unrelated  third party purchaser**, potentially acquiring title to the property when no other parties bid, and will therefore not be a bona fide purchaser for value and not exempt from errors committed in the process of the sale, including whether Defendants, any of them, held a valid **right to sell.**

6. Plaintiffs are informed and believe and based thereon allege that neither Wells Fargo Home Mortgage., any defendants  have possession of the original promissory note, the basis for giving rights to any of these parties to bring a foreclosure sale based upon a deed of trust and the breach of that promissory note for which that deed is security.

7. Additionally, plaintiffs have only recently discovered that Wells Fargo Home Mortgage violated the Real Estate Settlement Procedures Act (hereinafter RESPA) and the Truth in Lending Act (hereafter TILA) in the procurement of said promissory note from plaintiffs.   Said violations offer a number of remedies to the offended plaintiffs, including, but not limited to,

rescission and restitution. In this remedy, each party would return what each has received to the other party. Plaintiff would be and is/are entitled to the return of all payments made on the promissory note, all costs incurred in the procurement of said loan(s) and defendants would be entitled to the return of their funds, or to foreclose on their security interest, if any.

8. The RESPA and TILA violations, include, but are not limited to, incomplete documents that plaintiffs were told they must sign, disclosure of potential loan payments upon periodic adjustment, contradictory loan terms, such as **6-month adjustments** compared to documents that indicated a fixed payment amount for the life of the loan, insufficient time to review the more than 50 pages the plaintiffs were expected to read and sign within one hour, the absence of documents to cancel, the plaintiffs' copy of loan documents, and that plaintiffs were placed in an inappropriate loan that they could barely afford **before any re-set of interest rate or payment,** which Plaintiffs cannot afford.

9. All of these practices are indicative of **predatory lending** in addition to the referred statutory violations, and were imposed upon these uneducated and ill-informed victims for the financial greed and gain of the mortgage company and their co-defendants.

10. Based upon the actions of these defendants, and each of them, Plaintiffs **have been** wrongfully and unlawfully **being** dispossessed of the title **and possession of** their real property and the manner and method of such wrongful dispossession **will entitle** Plaintiffs not only to **compensatory and consequential damages,** but **punitive damages** for the intentional and purposeful conduct of the defendants, and each of them. **Said punitive award should be no less than $750,000,000,** to set an example and deter others from similar conduct.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

**(all named defendants)**

Plaintiffs incorporate paragraphs 1 through 10, as if fully set forth here.

11. Included in every contract is the covenants of good faith and fair dealing. Although plaintiffs have been unable to fully perform all the conditions of their agreement by virtue of their inability to make all payments as they came due, plaintiffs allege that their assent to the mortgage agreement was a result of trick and device and the predatory lending practices of the mortgage defendant, **Wells Fargo Home Mortgage** and the cooperation and ratification of co-defendants, First American Loanstar Trustee Services, Robert Bourne., First American Title Company., HSBC Bank, National Association, as Trustee for WFMBS 2007-15., Aaron Brown., Edward A. Treder SBN. 116307., James T. Lee. SBN 110838., Barrett Daffin Frappier Treder & Weiss, LLP.

12. Each of these defendants owed to plaintiffs the duty of good faith and fair dealing. Each of them is required to practice appropriate lending standards. Each of the defendants has the knowledge and experience to evaluate the appropriateness of the loans and the standards of the lending industry sufficient to determine if plaintiffs had been dealt with fairly and if the selected loan product was applicable for the plaintiffs. Each of the co-defendants owed to plaintiffs these duties, at the very minimum, prior to the funding of same.

13. Even if only one defendant here owed these duties, the tainted instrument has flowed to the heirs and assigns thereof and thereby these co-defendants will necessarily be involved in the rescission and restitution process, as well as the resulting or constructive trust holding the real property for the benefit of the injured plaintiffs.

14. The breach of these duties by these defendants **threaten to** cause severe financial harm to the plaintiffs, in the form of the **loss of the family residence.**

15. The monetary damages to the plaintiffs is substantial, a direct result of the actions of the defendants as described herein, and will be subject to proof at the time of trial of this matter.

## SECOND CAUSE OF ACTION – CANCELLATION OF TRUSTEE'S DEED

### (all named defendants)

Plaintiffs incorporate by reference paragraphs 1 through 15, as if fully set forth here.

16. The conduct of the defendants, and each of them, is a violation of the foreclosure statutes if, as alleged, the defendants have no right to sell by virtue of their lack of ownership of the original promissory note that is secured by the deed of trust recorded against the interests of the plaintiffs in the subject real property.

17. The remedy is to immediately invalidate the sale, order the Trustee's Deed Upon Sale to be cancelled, place title and possession of the real property back into the name and hands of the plaintiff homeowners.

## THIRD CAUSE OF ACTION – DECLARATORY RELIEF

### (all named defendants)

Plaintiffs incorporate by reference paragraphs 1 through 17, as if fully set forth here.

18. The acts of the defendants, and each of them, justify the court exercising the equitable remedy of Declaratory Relief, determining the rights of each of the parties herein and instituting an appropriate remedy, to wit, the remedy of cancellation of the improper foreclosure sale and restitution of the real property to its rightful owner, the plaintiff.

## FOURTH CAUSE OF ACTION – FRAUD

**(all named defendants)**

Plaintiffs incorporate by reference paragraphs 1 through 18, as if fully set forth here.

19. The defendants have perpetrated fraud on the plaintiffs, if the allegations are true that defendants do not hold the original promissory note secured by the deed of trust recorded against the plaintiff's real property. In that instance, the defendants threaten to take from plaintiff that which rightfully belongs to plaintiff, the **ownership and possession** of their real property, without right or authority.

20. The remedy is **rescission and restitution, consequential damages**, and in the appropriate case, **punitive damages**, according to proof at trial on the merits.

## FIFTH CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION

**(all named defendants)**

Plaintiff incorporates by reference paragraphs 1 through 20, as if fully set forth here.

21. The defendants, and each of them, by their acts have said to the world that they have the legal right to take from the plaintiff the real property that plaintiff **hold** in plaintiff's name. If, as plaintiff alleges, **defendants do not have that right**, then the constructive representation is in fact false and misleading.

22. The remedy for such intentional misrepresentation is cancellation of **any** Trustee's deed Upon Sale, restoration of the real property and the title thereto **quieted in** plaintiff, **consequential damages,** and **punitive damages,** according to proof at trial on the merits of this claim.

## SIXTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION

**(all named defendants)**

Plaintiff incorporates by reference paragraphs 1 through 22, as if fully set forth here.

23. Even if the acts of the defendants are deemed to be a "mistaken belief" of defendants rights with respect to plaintiff's real property, the defendants are professional lenders presumed to be fully aware of their rights and their duty to the public not to pursue the forced taking of property from the public unless there is a clear, well-defined remedy by virtue of an express agreement that contractually establishes the right of defendants to take the specific property.

24. The remedy for such a violation is cancellation of the sale and restitution of the property to plaintiff, **consequential damages**, according to proof.

## SEVENTH CAUSE OF ACTION – VIOLATION OF FEDERAL REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) AND TRUTH IN LENDING ACT (TILA)

Plaintiff incorporates by reference paragraphs 1 through 24, as if fully set forth here.

25. The violations of RESPA and TILA include, but are not limited to, a **less than fully filled-out Right To Cancel** form, **disclosure of probable payment increases, missing the Initial Truth In Lending** statement.

26. These violations give rise to the remedy of rescission and restitution, entitling Plaintiff to receive back every thing he has paid or given in the execution of the loan, and requiring defendants to take back there loan proceeds. Of course, if their loan proceeds went to pay-off the Plaintiff's existing loan, Plaintiff is without funds to make-up the difference. This should not become a windfall for defendants' misdeeds. If Plaintiff cannot return all the funds, then the lender retains the remedy of foreclosure to make itself whole.

## EIGHTH CAUSE OF ACTION – RESCISSION AND RESTITUTION

Plaintiff incorporates by reference paragraphs 1 through 26, as if fully set forth here.

27. As mentioned above, this remedy is a cause of action as well as an equitable remedy to which Plaintiff is entitled.

## NINTH CAUSE OF ACTION – DECLARATION OF RESULTING

## OR CONSTRUCTIVE TRUST

Plaintiff incorporates by reference paragraphs 1 through 27, as if fully set forth here.

28. If the court finds that the taking of Plaintiff's real property is wrongful and actionable under one of these several causes of action, then the court may utilize this equitable cause of action and impose upon defendants the remedy of resulting or constructive trust, requiring defendants to hold the real property for the benefit of Plaintiff.

## TENTH CAUSE OF ACTION – QUIET TITLE

Plaintiff incorporates by reference paragraphs 1 through 28, as if fully set forth here.

29. **Defendants** have **not yet** dispossessed Plaintiff of the real property by virtue of a judgment for possession for unlawful detainer, but as soon as they can complete the foreclosure sale, they will dispossess Plaintiff by way of an unlawful detainer.

30. Defendants' **Notice of Sale** has adversely affected Plaintiff's right to clear title, free of adverse claims and that Defendants' subsequent conduct has wrongfully taken from Plaintiff the right to peaceful possession and enjoyment of the real property.

## ELEVENTH CAUSE OF ACTION – ACCOUNTING

Plaintiff incorporates by reference paragraphs 1 through 30, as if fully set forth here.

31. If the court finds that the remedy of rescission and restitution is applicable, the court is empowered to order defendants to make a full account of all money received from the borrower, and return same to Plaintiff.

///

WHEREFORE, Plaintiff prays for:

1. Consequential damages under the various causes of action set forth;

2. Special and general damages applicable to the various tort causes of action;

3. Cancellation of Trustee's Deed Upon Sale;

4. Declaratory Relief;

5. Punitive of Damages of not less than $750,000,000.00, or according to proof;

6. Rescission and restitution of the real and personal property that Plaintiff is entitled to receive from defendants;

7. Declaration of resulting or constructive trust;

8. Quiet title restored in Plaintiff's name from the date of sale;

9. Accounting;

10. Reasonable attorneys fees and case costs;

11. Interest at the legal rate on the monetary award;

12. Such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

October 1, 2009

Ronald Gossett

## VERIFICATION

I, Ronald Gossett, declare:

I am the plaintiff in the above-entitled matter, and familiar with the facts contained within the complaint. If called as a witness, I could and would testify as set forth in the foregoing complaint.

Ronald Gossett